UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEVONTAE C. HARRIS,

    Plaintiff,

        v.                        CAUSE NO. 3:20-CV-580-JD-MGG

DOROTHY LIVERS, et al.,

    Defendants.

## OPINION AND ORDER

Devontae C. Harris, a prisoner without a lawyer, filed a complaint against Dr. Pearcy, Dr. Wilkinson, Nurse Dorothy Livers, and Nurse Michelle Rebac alleging that he did not receive timely dental care. The complaint contains many legal phrases, but few facts. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In January – he does not say what year, but presumably 2020 – Harris began having pain that he attributed to the growth of his wisdom teeth. He submitted a healthcare request and, in response to that request, he was told that he would be seen by Dr. Pearcy or Dr. Wilkinson. The prison has guidelines in place for how long it

should take for Harris to be seen for dental work. He indicates that, under the prison's policies, he should have been assessed within fourteen days and treated within six weeks. It took four and a half months. At some point (and it isn't clear when) the pain was so great that he fainted. Even after that incident, he was not provided with any pain relief.

To the extent that Harris is alleging that prison medical staff failed to follow their own policies, he cannot state a claim. Policy violations do not amount to constitutional violations. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

Furthermore, Harris does not describe any communication with or from the defendants Dr. Pearcy, Dr. Wilkenson, or Nurse Michelle Rebac whatsoever. He indicates that he submitted a medical request, that an unidentified person said that he had been scheduled to see one of the two dentists, and that he did not see the dentist for four and a half months. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596.

As for Nurse Dorothy Livers, Harris alleges that she responded to his informal grievance by indicating that he refused treatment – a contention that Harris denies. But Nurse Livers's role in denying Harris's grievance does not state a claim. "Prison grievance procedures are not mandated by the First Amendment and do not by their

2

very existence create interests protected by the Due Process Clause, and so the alleged mishandling of . . . grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

While Harris's current complaint does not state a claim, he will nonetheless be granted an opportunity to amend his complaint if, after reviewing this court's order, he believes that he can plausibly state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If Harris decides to file an amended complaint, he should avoid legal jargon and instead explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint form Pro Se 14 (INND Rev. 2/20) and send it to Devontae C. Harris;

(2) GRANTS Devontae C. Harris until **December 18, 2020**, to file an amended complaint; and

(3) CAUTIONS Devontae C. Harris that, if he does not respond by that deadline, his case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 17, 2020

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT