UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEVONTAE C. HARRIS,

Plaintiff,

v.

CAUSE NO. 3:20-CV-580-JD-MGG

DOROTHY LIVERS, et al.,

Defendants.

OPINION AND ORDER

Devontae C. Harris, a prisoner without a lawyer, filed an amended complaint against Dr. Pearcy, Dr. Wilkinson, Nursing Director Dorothy Livers, and Nursing Director Michelle Rebac alleging that he did not receive timely dental care. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

According to the amended complaint, Harris developed dental pain that he attributed to the growth of his wisdom teeth. On January 22, 2020, Harris submitted a health care request form asking to have his wisdom teeth pulled due to collusion and pain. He received a response indicating that he would be placed on the list. On May 8, 2020, he sent offender request forms to Nurse Directors Dorothy Livers and Michelle

Rebac, explaining that the two dentists, Dr. Pearcy and Dr. Wilkerson, were ignoring his dental needs. It is unclear if he received a response.

On May 15, 2020, an abscess in Harris's mouth burst. That evening, he fainted twice, hitting his head on concrete. The dentists were emailed and told that Harris had fainted due to severe dental pain. Harris submitted another health care request form. He indicated that he was having pain in his mouth and that he was never seen by either of the dentists. Still, Harris was not seen by a dentist. On June 15, 2020, he submitted a third health care request form. Nurse Director Dorothy Livers responded to this form by indicating that Harris had already been seen, even though Harris had not actually been seen. Finally, on July 23, 2020, Harris was seen by Dr. Pearcy. Dr. Pearcy recommended that Harris be transferred to the Indiana Youth Center where he could receive surgery to remove a wisdom tooth that was growing in sideways. He was not prescribed anything for the pain.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the

defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Here, giving Harris the benefit of the inferences to which he is entitled at this stage of the proceedings, he has alleged facts from which it can be inferred that Nurse Livers, Nurse Rebac, Dr. Pearcy, and Dr. Wilkinson were each deliberately indifferent to his dental pain. Therefore, he will be granted leave to proceed against them on this claim.

Harris also alleges that the delays in dental care that he experienced violate the IDOC's policies. As previously explained, the violation of the prison's policies does not state a claim. Policy violations do not amount to constitutional violations. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

For these reasons, the court:

(1) GRANTS Devontae C. Harris leave to proceed against Nurse Director Dorothy Livers, Nurse Director Michelle Rebac, Dr. Pearcy, and Dr. Wilkerson in their

individual capacities for compensatory and punitive damages for deliberate indifference to his severe pain and need for dental treatment, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Director Dorothy Livers, Nurse Director Michelle Rebac, Dr. Pearcy, and Dr. Wilkerson at Wexford of Indiana, LLC, 9245 N. Meridian Street, Indianapolis, IN 46260, with a copy of this order and the amended complaint (ECF 10), pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS Wexford of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant that does not waive service, if they have such information; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Director Dorothy Livers, Nurse Director Michelle Rebac, Dr. Pearcy, and Dr. Wilkerson respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 28, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT